Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STREET MODA, LLC, an Iowa Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>**1. TRADEMARK INFRINGEMENT;**<br><br>**2. TRADE DRESS INFRINGEMENT;**<br><br>**3. TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW;**<br><br>**4. UNFAIR COMPETITION UNDER CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE, § 17200, ET. SEQ.;**<br><br>**5. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**6. PATENT INFRINGEMENT – U.S. PATENT NO. D599,999**<br><br>**7. PATENT INFRINGEMENT – U.S. PATENT NO. D594,638**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Deckers Outdoor Corporation** for its claims against **Defendant Street Moda, LLC** ("Defendant") respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff files this action against Defendant for trademark infringement, trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2.     This Court has personal jurisdiction over Defendant because Defendant does business within this judicial district and this action arises out of wrongful acts by Defendant within this judicial district.

3.     Plaintiff is located and has been injured in this judicial district by Defendant's alleged wrongful acts.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4.     Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California.  Deckers designs and markets footwear identified by its many famous trademarks including its UGG® trademark.

5.     Upon information and belief, Defendant Street Moda LLC is a limited liability company organized and existing under the laws of the State of Iowa with an office and principal place of business located at 4520 20th Avenue SW Cedar Rapids, Iowa 52404.

6.     Deckers is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Deckers will seek leave to amend this complaint when their true names and capacities are

1    ascertained.  Deckers is informed and believes and based thereon alleges that said

2    Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the

3    wrongs alleged herein, and that at all times referenced each was the agent and servant

4    of the other Defendants and was acting within the course and scope of said agency and

5    employment.

6        7.    Deckers is informed and believes, and based thereon alleges, that at all

7    relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or

8    reasonably should have known of the acts and behavior alleged herein and the damages

9    caused thereby, and by their inaction ratified and encouraged such acts and behavior.

10   Deckers further alleges that Defendant and DOES 1 through 10, inclusive, have a non-

11   delegable duty to prevent or not further such acts and the behavior described herein,

12   which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to

13   perform.

14                **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15       **A.    Deckers' UGG® Brand**

16       8.    Deckers has been engaged in the design, distribution, marketing, offering

17   for sale, and sale of footwear since 1975.  Deckers owns several brands of footwear

18   including UGG®, Koolaburra®, Teva®, Sanuk®, and Hoka One One®.

19       9.    Deckers' UGG® brand remains one of the most recognized and relevant

20   comfort shoe brands in the industry.  Since 1979, when the UGG® brand was founded,

21   the popularity of UGG® boots has steadily grown across the nation and even the

22   globe. The UGG® brand has always been and remains highly coveted by consumers.

23   This commitment to quality has helped to propel the UGG® brand to its current,

24   overwhelming level of popularity and cemented its status as a luxury brand.

25       10.    In 2000, UGG® boots were first featured on Oprah's Favorite Things®

26   where Oprah emphatically declared on national television how much she

27   "LOOOOOVES her UGG boots." The popularity of UGG® brand footwear has grown

28   exponentially since then with celebrities including Kate Hudson and Sarah Jessica

Parker among a myriad of others regularly donning them.  UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

11.  Deckers' UGG® products are distributed and sold to consumers through authorized retailers throughout the United States at point-of-sale and on the Internet, including through its UGG® Concept Stores and its website www.ugg.com.

### B.  Defendant's Infringing Activities

12.  Upon information and belief, Defendant manufactures, imports, designs, advertises, markets, distributes, offers for sale, and/or sells footwear for men and women.  Defendant offers footwear via Sears Marketplace (www.sears.com), which is ccessible to consumers nationwide, including within this judicial district.

13.  The present lawsuit arises from Defendant's willful infringement of Deckers' federally registered UGG® Sun Mark, the UGG® "Bailey Button Boot Trade Dress," and U.S. Patent Nos. D599,999 and D594,638, to which Deckers has exclusive rights, by certain of Defendant's footwear products ("Accused Products"), exemplars of which are shown below.



*Accused Products*

14.     The Accused Products shown above were purchased from Defendant via Sears Marketplace (www.sears.com).  Defendant fulfilled the order and shipped the Accused Products to a location within this judicial district.

15.     Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

16.     Upon information and belief, Defendant may have sold additional products that infringe upon Deckers' intellectual property.  Deckers may seek leave to amend as additional information becomes available through discovery.

17.     Deckers has not granted a license or any other form of permission to Defendant with respect to its trademarks, design patents, trade dresses, or other intellectual property.

18.     Deckers is informed and believes and herein alleges that Defendant has acted in bad faith and that Defendant's acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's Accused Products with Deckers, or as to the origin, sponsorship, or approval of Defendant's Accused Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

19.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

20.     Deckers owns several trademark registrations in the United States and has many applications pending in connection with various goods and services that it sells and/or provides in connection with its famous UGG® brand.  Deckers' United States trademark registrations for the UGG® Sun Mark (shown below) include but are not limited to U.S. Reg. Nos. 3,624,595 for footwear.

/ / /

/ / /



21.     Registrations for the UGG® Sun Mark are valid and subsisting. At all times relevant hereto, the UGG® Sun Mark has been continually used by Deckers in most of the world and in the United States, on or in connection with the manufacture, distribution, sale and promotion of its products.

22.     Deckers' UGG® Sun Mark is nationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Deckers.

23.     The UGG® Sun Mark is distinctive when applied to high-quality footwear and related merchandise, signifying to the purchaser that the products come from Deckers and are manufactured to Deckers' quality standards.

24.     The Accused Products include on the outsole of the products a mark that is nearly identical to and/or substantially indistinguishable from the UGG® Sun Mark, as shown below.

  

**UGG® Sun Mark**        **UGG® Sun Mark on Outsole of Authentic UGG® Footwear**        **Infringing Sun Mark on Outsole of Defendant's Accused Products**

25.     Defendant's unauthorized use of the UGG® Sun Mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that its goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Deckers or come from the same source as

26.     Defendant's use of the UGG® Sun Mark is without Deckers' permission or authority and is in total disregard of Deckers' rights to control its trademarks.

27.     Defendant's infringing activities are likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause the public to believe that Deckers has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Deckers.

28.     Upon information and belief, Defendant has knowledge of Deckers' rights in the UGG® Sun Mark.  Further, upon information and belief, Defendant's acts are deliberate, willful and intended to confuse the public as to the source of Defendant's goods or services and to injure Deckers and reap the benefit of Deckers' goodwill associated with the UGG® Sun Mark.

29.     As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' UGG® Sun Mark.

30.     Deckers has no adequate remedy at law.

31.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from using Deckers' UGG® Sun Mark, or any marks confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Deckers has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action and up to treble damages pursuant to 15 U.S.C. § 1117(a) and (b), or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

32.     Deckers incorporates herein by reference the averments of the preceding

1   paragraphs as though fully set forth herein.

2       33.    The UGG® Bailey Button boot was introduced in 2009 and the "Bailey

3   Button Boot Trade Dress" is unique and distinctive, consisting of a combination of the

4   following non-functional elements:

5       i      Classic suede boot styling made famous by the UGG® brand;

6       i      Overlapping of front and rear panels on the lateral side of the boot shaft;

7       i      Curved top edges on the overlapping panels;

8       i      Exposed fleece-type lining edging the overlapping panels and top of the

9   boot shaft; and

10      i      One or more buttons (depending on the height of the boot) prominently

11  featured on the lateral side of the boot shaft adjacent the overlapping panels

12  (hereinafter "Bailey Button Boot Trade Dress").

  

20      34.    The Bailey Button Boot Trade Dress, which is a composite of the above-

21  referenced features, is non-functional in its entirety, visually distinctive, and is unique

22  in the footwear industry.

23      35.    The design of the Bailey Button Boot Trade Dress is neither essential to

24  its use or purpose nor does it affect the cost or quality of the boot.  There are numerous

25  other designs available that are equally feasible and efficient, none of which

26  necessitate copying or imitating the Bailey Button Boot Trade Dress.  The aforesaid

27  combination of features provides no cost advantages to the manufacturer or utilitarian

28  advantages to the consumer.  These features, in combination, serve only to render

Deckers' UGG® Bailey Button boots distinct and recognizable as goods originating from Deckers' UGG® brand.

36. The Bailey Button Boot Trade Dress is an original design by Deckers and has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the source of footwear featuring said trade dress.

37. The Bailey Button Boot Trade Dress is one of the most well-recognized and commercially successful styles of Deckers' UGG® brand of footwear, having been featured on Deckers' advertising and promotional materials as well as in various trade publications. Furthermore, the Bailey Button Boot Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media attention, and has graced the pages of many popular magazines nationwide and internationally.

38. Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Bailey Button Boot Trade Dress. Deckers spends millions of dollars annually on advertising of UGG® products, which include products bearing the Bailey Button Boot Trade Dress.

39. Deckers has sold hundreds of millions of dollars worth of UGG® products bearing the Bailey Button Boot Trade Dress.

40. Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' Bailey Button Boot Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

41. There are numerous other boot designs in the footwear industry, none of which necessitate copying or imitating the Bailey Button Boot Trade Dress. However, due to the popularity and consumer recognition achieved by the Bailey Button boot, said design has often been the subject of infringement by third-parties, including Defendant.

42.   Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' Bailey Button Boot Trade Dress in an effort to exploit Deckers' reputation in the market.

43.   Certain of the Accused Products produced, distributed, advertised and offered for sale by Defendant bear nearly identical reproductions of the Bailey Button Boot Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of Defendant's products.

44.   Defendant's use of Deckers' Bailey Button Boot Trade Dress is without Deckers' permission or authority and in total disregard of Deckers' rights to control its intellectual property.

45.   Defendant's use of Deckers' Bailey Button Boot Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendant's products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Deckers, all to the detriment of Deckers.

46.   Deckers has no adequate remedy at law.

47.   In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from using Deckers' Bailey Button Boot Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

### THIRD CLAIM FOR RELIEF

### (Trademark Infringement under California Common Law)

48.   Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49.   Defendant's infringement of the UGG® Sun Mark and Bailey Button Boot Trade Dress constitutes trademark and trade dress infringement in violation of the

common law of the state of California.

50.     Defendant's unauthorized use of the UGG® Sun Mark and Bailey Button Boot Trade Dress has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Deckers.

51.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

52.     Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless he is enjoined by this Court.

53.     The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

54.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the Bailey Button Boot Trade Dress, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## **FOURTH CLAIM FOR RELIEF**

### (**Unfair Competition – California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.**)

55.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56.     Defendant's appropriation, adoption and use of the UGG® Sun Mark and Bailey Button Boot Trade Dress in connection with the sale and offering for sale of footwear is likely to confuse or mislead consumers into believing that Defendant's goods are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, thus

constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

57.   The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendant willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and business reputation.

58.   Defendant's use of Deckers' Bailey Button Boot Trade Dress has deprived Deckers of the right to control the use of its intellectual property.

59.   As a direct and proximate result of Defendant's unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Deckers is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief.

60.   Defendant committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition under California Common Law)

61.   Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

62.   Defendant's infringement of the UGG® Sun Mark and Bailey Button Boot Trade Dress constitutes unfair competition in violation of the common law of the state of California.

63.   Defendant is a competitor of Deckers and has copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

64.   Defendant's infringing acts were intended to capitalize on Deckers'

goodwill associated therewith for Defendant's own pecuniary gain.  Deckers has expended substantial time, resources and effort to obtain an excellent reputation for its brands of footwear.  As a result of Deckers' efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Deckers.

65.    Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

66.    Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless he is enjoined by this Court.

67.    The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

68.    In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the UGG® Sun Mark and Bailey Button Boot Trade Dress and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D599,999)

69.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

70.    Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand.  These design patents include but are not limited to the "Bailey Button" boot (U.S. Patent No. D599,999; issued on September 15, 2009), a true and correct copy of which is attached hereto and incorporated herein

1   as <u>Exhibit A</u> (" '999 Patent").

2       71.   Deckers is the owner by assignment of all right, title and interest in and to

3   the '999 Patent.

4

5       72.   The Accused Products that Defendants have caused to be produced,

6   distributed, advertised, marketed, offered for sale, and/or sold within the United States,

7   and/or has imported into the United States bear a design that is substantially similar to

8   the '999 Patent in direct violation of 35 U.S.C. § 271.

  

**Design Patent D599,999**     **UGG® Bailey Button Boot**     **Accused Product**

73.   Defendant's aforesaid infringing acts are without Deckers' permission or

16  authority and are in total disregard of Deckers' right to control its intellectual property.

17      74.   As a direct and proximate result of Defendant's infringing conduct,

18  Deckers has been injured and will continue to suffer injury to its business and

19  reputation unless Defendant is restrained by this Court from infringing Deckers' '999

20  Patent.

21      75.   Defendant's acts have damaged and will continue to damage Deckers, and

22  Deckers has no adequate remedy at law.

23      76.   Deckers marks all footwear products embodying the design of the '999

24  Patent with "Pat. No. D599,999" on a product label in compliance with 35 U.S.C. §

25  287.

26      77.   Given the widespread popularity and recognition of Deckers' Bailey

27  Button boot and the patent notice provided on the products themselves, Deckers avers

28  and hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to the

'999 Patent and has intentionally copied said design on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

78.   On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '999 Patent.

79.   In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the '999 Patent and to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## SEVENTH CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D594,638)

48.   Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49.   Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand.  These design patents include but are not limited to outsole designs, one of which is the "New Classic Outsole Design" (U.S. Patent No. 594,638; issued on June 23, 2009), a true and correct copy of which is attached hereto and incorporated herein as Exhibit B (" '638 Patent").

50.   Deckers is the owner by assignment of all right, title and interest in and to the '638 Patent.

51.   The Accused Products that Defendants have caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold within the United States, and/or has imported into the United States bear an outsole design that is substantially similar to the '638 Patent in direct violation of 35 U.S.C. § 271.

/ / /

/ / /

/ / /

 

**Design Patent D594,638**     **Authentic UGG® Footwear Featuring D594,638 Outsole Design**     **Infringing Outsole Design on Defendant's Accused Product**

52.     Defendant has used, caused to be produced, distributed, advertised, marketed, offered for sale, sold within the United States, and/or has imported into the United States footwear that bears an outsole substantially similar to the '638 Patent in direct violation of 35 U.S.C. § 271.  An example of the Accused Product is shown at the far right of the '638 Patent drawing and authentic UGG® footwear featuring the registered outsole below.

53.     Defendant's aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

54.     As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' '638 Patent.

55.     Defendant's acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

56.     Deckers marks all footwear products embodying the design of the '638 Patent with "Pat. No. 594,638" on a product label in compliance with 35 U.S.C. § 287.

57.     Given the widespread popularity and recognition of Deckers' UGG® boots and the patent notice provided on the products themselves, Deckers avers and

hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to the '638 Patent and has intentionally copied said design on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

58.     On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '638 Patent.

59.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the '638 Patent and to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant Street Moda, LLC as follows:

1.     A judgment that Defendant has infringed Deckers' UGG® Sun Mark, Bailey Button Boot Trade Dress, '999 Patent, and '638 Patent and that said infringement was willful;

2.     An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

a.     Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products or any other products which bear Deckers' Bailey Button Boot Trade Dress and/or any designs confusingly similar thereto, as well as any products bearing designs that infringe upon the '999 Patent and/or '638 Patent and/or the overall appearance thereof;

b.     Engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade,

including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

          c.    Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

3.    Ordering Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.    Ordering Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.    Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289;

6.    Awarding Deckers all of Defendant's profits and all damages sustained by Deckers as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7.    Awarding treble damages in the amount of Defendant's profits or Deckers' damages, whichever is greater, for willful infringement;

8.    Awarding statutory damages pursuant to 15 U.S.C. § 1117(c)(1) of up to $200,000 for each and every use of the UGG® Sun Mark or, if the Court finds that Defendant's infringement is willful, awarding statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of up to $2,000,000 for each and every use of the UGG® Sun Mark;

9.    Awarding applicable interest, costs, disbursements and attorneys' fees;

10.    Awarding Deckers' punitive damages in connection with its claims under California law; and

11.     Such other relief as may be just and proper.


Dated:        February 9, 2018        BLAKELY LAW GROUP

By:    _____
Brent H. Blakely
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*


## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.


Dated:        February 9, 2018        BLAKELY LAW GROUP

By:    _____
Brent H. Blakely
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# EXHIBIT A

US00D599999S

(12) **United States Design Patent**
MacIntyre

(10) Patent No.: **US D599,999 S**
(45) Date of Patent: ** **Sep. 15, 2009**

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor: **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/326,868**

(22) Filed: **Oct. 27, 2008**

(51) **LOC (9) Cl.** .................................................. **02-99**
(52) **U.S. Cl.** ........................... **D2/970**; D2/911; D2/946
(58) **Field of Classification Search** ................. D2/896, D2/909–915, 946, 970, 973, 974; 36/45, 36/50.1, 83, 3 A, 7.1 R, 113
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D125,568 | S | * | 3/1941 | Hard ............................ D2/911 |
| D155,573 | S | * | 10/1949 | Bingham ..................... D2/910 |
| D159,577 | S | * | 8/1950 | Stromberg .................. D2/900 |
| D159,761 | S | * | 8/1950 | Barron ....................... D2/910 |
| D227,197 | S | * | 6/1973 | Fukuoka ..................... D2/910 |
| D319,332 | S | * | 8/1991 | Itzkowitz .................... D2/910 |
| D481,863 | S | * | 11/2003 | Belley et al. ................ D2/970 |
| D529,269 | S | * | 10/2006 | Belley et al. ................ D2/970 |
| D539,024 | S | | 3/2007 | Belley et al. |
| D581,140 | S | | 11/2008 | Earle |

FOREIGN PATENT DOCUMENTS

DE          40702148          8/2007

EP          00718002-0006          4/2007

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.
UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.
UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9, 2008.

* cited by examiner

*Primary Examiner*—Stella M Reid
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57) **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a portion of a footwear upper showing my new design;

FIG. **2** is a side elevational view thereof;

FIG. **3** is an opposite side elevational view thereof;

FIG. **4** is a front elevational view thereof;

FIG. **5** is a rear elevational view thereof;

FIG. **6** is a top plan view thereof; and,

FIG. **7** is a bottom plan view thereof.

The broken lines in FIGS. **1**–**7** represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3

**U.S. Patent**   Sep. 15, 2009   Sheet 4 of 6   **US D599,999 S**



FIG. 5



FIG. 4



FIG. 6



FIG. 7

# EXHIBIT B

US00D594638S

(12) **United States Design Patent**    (10) Patent No.:      **US D594,638 S**

Butler                                    (45) Date of Patent:     ** **Jun. 23, 2009**

(54) **FOOTWEAR OUTSOLE**

(75) Inventor:   **Damon R. Butler**, Portland, OR (US)

(73) Assignee:   **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term:   **14 Years**

(21) Appl. No.:   **29/325,989**

(22) Filed:   **Oct. 9, 2008**

(51) **LOC (9) Cl.** ................................................. **02-04**

(52) **U.S. Cl.** .......................... **D2/952**; D2/953; D2/960

(58) **Field of Classification Search** ................. D2/902, D2/906, 908, 947, 951–960; D5/1, 47, 61; 36/3 B, 22 R, 24.5, 25 R, 28, 32 R, 67 A, 36/59 C, 103

See application file for complete search history.

(56)         **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D61,017 | S | * | 5/1922 | Heilhecker .................... D2/953 |
| D90,450 | S | * | 8/1933 | Oakley ........................ D2/955 |
| D257,647 | S | * | 12/1980 | Combaret .................... D2/953 |
| D307,971 | S | * | 5/1990 | Maccano et al. ............. D2/953 |
| D325,808 | S | * | 5/1992 | Austin ......................... D2/955 |
| D350,430 | S | * | 9/1994 | Pallera ........................ D2/952 |
| D369,895 | S | * | 5/1996 | Finn ........................... D2/959 |
| D396,549 | S | * | 8/1998 | von Conta et al. ........... D2/955 |
| D398,745 | S | * | 9/1998 | Cass ........................... D2/954 |
| D401,742 | S | | 12/1998 | Loverin |
| D402,446 | S | * | 12/1998 | Kelchak ...................... D2/952 |
| D405,593 | S | | 2/1999 | Hamel |
| D412,777 | S | | 8/1999 | Norton et al. |
| D455,895 | S | * | 4/2002 | Yang .......................... D2/955 |
| D458,011 | S | * | 6/2002 | Yang .......................... D2/954 |
| D460,249 | S | | 7/2002 | Yang |
| D468,082 | S | * | 1/2003 | Brown ......................... D2/955 |
| D473,696 | S | * | 4/2003 | Mangee ....................... D2/952 |
| D474,587 | S | | 5/2003 | Wilson |
| 6,564,475 | B2 | * | 5/2003 | Collins et al. ................ 36/3 R |
| D475,842 | S | * | 6/2003 | Cook .......................... D2/909 |
| D500,400 | S | | 1/2005 | Le |
| D512,208 | S | * | 12/2005 | Kubo et al. .................. D2/960 |
| D514,286 | S | * | 2/2006 | Kayano et al. ............... D2/955 |
| D548,433 | S | * | 8/2007 | McClaskie ................... D2/952 |
| D555,887 | S | * | 11/2007 | Link ........................... D2/955 |
| D556,984 | S | * | 12/2007 | Brie et al. .................... D2/952 |

| | | | | |
|---|---|---|---|---|
| D556,986 | S | * | 12/2007 | Horne et al. ................. D2/953 |
| D556,987 | S | * | 12/2007 | Nakano ....................... D2/957 |
| D564,736 | S | * | 3/2008 | Belley et al. ................. D2/952 |
| D575,946 | S | * | 9/2008 | Mitani et al. ................ D2/967 |
| D580,141 | S | * | 11/2008 | Banik et al. ................. D2/954 |

FOREIGN PATENT DOCUMENTS

DE         40402623     11/2004

OTHER PUBLICATIONS

UGG Australia, Winter 2002 Collection, Aspen Outsole, p. 21.
UGG Australia, Fall/Winter 2008, Ultimate Short Outsole, pp. 1 and 2.
UGG Australia, Fall/Winter 2008, Upside Outsole, pp. 1 and 2.
UGG Australia, Fall/Winter 2004, Coquette Outsole, pp. 1 and 2.

* cited by examiner

*Primary Examiner*—Celia A Murphy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57)           **CLAIM**

The ornamental design for a footwear outsole, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a footwear outsole showing my new design;

FIG. **2** is a bottom plan view thereof;

FIG. **3** is a top plan view thereof;

FIG. **4** is a first side elevational view thereof;

FIG. **5** is an opposite side elevational view thereof;

FIG. **6** is a front elevational view thereof; and,

FIG. **7** is a rear elevational view thereof.

The broken lines immediately adjacent to the claimed subject matter throughout the views form the boundaries of the design. The broken-line circle in FIGS. **1**, **2** and **6** define the interior boundaries of the design. The broken lines showing the boot upper represent the portions of the design that form no part of the claim. None of the broken lines or the areas within them forms any part of the claim.

**1 Claim, 5 Drawing Sheets**







FIG. 1



FIG. 2

FIG. 3

Case 2:18-cv-01228-SVW-SS   Document 1   Filed 02/14/18   Page 32 of 34   Page ID #:32



FIG. 4



FIG. 5



FIG. 7



FIG. 6